UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERNEST ROJO, | No. C 12-2518 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DARRIN BRIGHT; et al., | |
| Defendants. | |

## INTRODUCTION

James Ernest Rojo, an inmate at the Correctional Training Facility in Soledad ("CTF-Soledad"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend. Rojo then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Rojo complains about prison medical staff's response to his medical needs at CTF-Soledad. He alleges in his amended complaint that he was issued a walker based on his recent back surgery and neuropathy in his limbs. Dr. Bright allegedly "took away the walker without proper examination," which caused Rojo's condition to deteriorate. Docket # 9, p. 3. Dr. Bright and Dr. Kalisher allegedly failed to provide adequate pain medication for Rojo. Warden Grounds allegedly allowed the walker to be taken away from Rojo.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Liberally construed, the *pro se* amended complaint states a cognizable claim for violations of Rojo's Eighth Amendment rights based on his allegations that Dr. Bright deprived him of a needed walker and that Drs. Bright and Kalisher deprived him of needed pain medications.

The amended complaint does not state a claim against the warden. The amended complaint does not allege that the warden was involved in the medical care, and appears to base liability on the fact that he was in charge of the institution at which the alleged deliberate indifference to medical needs occurred. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an

employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

**CONCLUSION**

1. The amended complaint, liberally construed, states a cognizable § 1983 claim against Dr. Darrin Bright and Dr. Kalisher for Eighth Amendment violations. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon Dr. Darrin Bright and Dr. Kalisher, both of whom apparently work on the medical staff at CTF-Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **December 7, 2012**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. Defendants must provide to plaintiff a new *Rand* notice regarding summary judgment at the time they file a motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **January 11, 2013**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations,

depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 25, 2013**.

    4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 13, 2012

                                              SUSAN ILLSTON
                                      United States District Judge