UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ROJO,

    Plaintiff,

v.

DARREN BRIGHT, et al.,

    Defendants.

Case No. 12-cv-02518-VC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 34

On August 20, 2012, Plaintiff James Ernest Rojo, a state prisoner proceeding *pro se*, filed a complaint against Defendants Bright and Kalisher, physicians at the prison where Rojo was incarcerated, as well as Defendant Grounds, the warden of that prison. (Docket No. 9). Rojo makes three allegations: First, he alleges that following back surgery, he was issued a walker for neuropathy in his legs and right arm. He contends that Dr. Bright confiscated this walker, impairing his ability to walk and causing his condition to deteriorate. Second, he alleges that Dr. Kalisher improperly refused to give him pain medication. Third, he alleges that by "fail[ing] to act," Grounds "allowed" Dr. Bright and Dr. Kalisher to "continue[ ] ADA discrimination with the walker and [the] special made extension to [Rojo's] cell, which was removed after [Rojo had] had it over 2½ - all approved by ADA." (Compl. 3).

On September 13, 2012, the Court issued an Order dismissing the complaint as to Defendant Grounds for failure to state a claim. (Docket No. 10). On September 11, 2013, Defendants Bright and Kalisher filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Rojo has failed to state a claim against them as well. For the reasons explained below, the motion is GRANTED as to Kalisher and DENIED as to Bright.

**DISCUSSION**

**A. Legal Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint (or any part thereof) that "fail[s] to state a claim upon which relief can be granted."

1  Fed. R. Civ. P. 12(b)(6).  In considering whether a plaintiff has stated such a claim, the Court must
2  accept as true all factual allegations in the complaint and construe them in the light most favorable
3  to the plaintiff.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).
4  Furthermore, where a plaintiff is proceeding pro se, "particularly in civil rights cases," the Court
5  "construe[s] the pleadings liberally" and gives the plaintiff "the benefit of any doubt."  *Wilhelm v.*
6  *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).
7       Still, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient
8  facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
9  544, 570 (2007).  This "plausibility standard is not akin to a 'probability requirement,' but it asks
10 for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556
11 U.S. 662, 678 (2009).  While a plaintiff need not provide "detailed factual allegations," a
12 complaint must contain more than mere "labels and conclusions[,] . . . a formulaic recitation of
13 the elements of a cause of action[,] . . . . or naked assertion[s] devoid of further factual
14 enhancement."  *Id.* (internal quotation marks omitted).  It must provide sufficient factual
15 allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to
16 "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged."  *Iqbal*, 556 U.S. at 678.

**B. Analysis**

    **1.  Dr. Bright's Confiscation of Rojo's Walker**

20 When a prison official acts with deliberate indifference to a prisoner's serious medical
21 need, the official violates the prisoner's Eighth Amendment right to be free from cruel and unusual
22 punishment.  *See Farmer v. Brennan*, 511 U.S. 825, 828(1994).  To establish such a violation, the
23 prisoner must demonstrate: (1) an objectively "serious medical need" to which (2) subjectively, the
24 official "was deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122.  A serious medical need exists
25 where "failure to treat a prisoner's condition could result in further significant injury or the
26 unnecessary and wanton infliction of pain."  *Id.*  "The existence of an injury that a reasonable
27 doctor or patient would find important and worthy of comment or treatment; the presence of a
28 medical condition that significantly affects an individual's daily activities; or the existence of

2

chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Rojo alleges that following back surgery, he had neuropathy in both legs as well as in his right arm, such that he required—and was given—a walker. (Compl. at 3). He further alleges that after Dr. Bright took his walker, his condition deteriorated, impairing his ability to walk and causing him to "becom[e] sick[ ]." (*Id.*).[1] The complaint thus plausibly alleges that Rojo had a condition that "significantly affect[ed] his daily life," *McGuckin*, 974 F.2d at 1059, and that the removal of his walker "could," and in fact did, "result in further significant injury or the unnecessary and wanton infliction of pain," *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013). That is, Rojo plausibly alleges a serious medical need. *Cf., e.g.*, *Garcia v. Long*, No. EDCV 13-1610-JFW (MAN), 2014 WL 950749, at *8 (C.D. Cal. Mar. 11, 2014) (holding that a prisoner stated a claim for deliberate indifference based on allegations that a prison physician confiscated the walker the prisoner needed due to an ankle injury); *Marella v. Hoover*, 1:10-CV-01805-GSA-PC, 2012 WL 2052197, at *4 (E.D. Cal. June 6, 2012) ("Plaintiff has shown that he had a serious medical need, because he suffered pain and had difficulty walking due to unsuccessful hip replacement surgery.").

The complaint also plausibly alleges that Dr. Bright was deliberately indifferent to this need. To demonstrate that a prison official acted with deliberate indifference, a prisoner must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122. Conduct that is negligent or accidental does not satisfy this standard. *See, e.g.*, *id.* Rather, prison officials are deliberately indifferent only where they are actually aware of yet disregard a prisoner's serious medical need. *See, e.g.*, *Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).

Defendants argue that the complaint does not sufficiently allege deliberate indifference because it "does not allege that Defendant Bright subjectively knew that, by taking away the

---

[1] Rojo does not allege that Dr. Kalisher was involved in confiscating his walker.

3

1  walker, Rojo faced a substantial, or any, risk of serious harm and disregarded that risk."  (Mot. to
2  Dismiss 7).   But although Rojo does not explicitly allege such knowledge, the complaint—
3  particularly given the liberal construction the Court is required to give it —does allege facts
4  sufficient to plausibly conclude that Dr. Bright was aware of the risk.  A reasonable factfinder
5  could find, for example, that the risk of confiscating a walker from a prisoner who relied upon it
6  would be obvious to a doctor, and infer therefore that Dr. Bright was aware of, and chose to
7  disregard, this risk.  *See Farmer*, 511 U.S. at 842 ("[A] factfinder may conclude that a prison
8  official knew of a substantial risk from the very fact that the risk was obvious."); *see also Estelle*
9  *v. Gamble*, 429 U.S. 97, 105 (1976) (concluding that "intentionally interfering with [a prisoner's
10 medical] treatment once prescribed" constitutes deliberate indifference).  Whether a complaint—
11 particularly a pro se complaint—states a claim does not depend on whether it includes particular
12 magic words characterizing the elements of that claim.  Rather, it depends on whether the plaintiff
13 has alleged sufficient facts from which the Court can reasonably infer a plausible claim.  *See*
14 *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  Rojo has alleged sufficient facts to make
15 plausible a claim that Dr. Bright was deliberately indifferent to his serious medical need for a
16 walker.  In addition, if true, Rojo's allegations of deterioration, disability, and inability to walk
17 following Dr. Bright's confiscation of his walker, would demonstrate harm caused by this
18 indifference.  Rojo has thus stated a claim against Dr. Bright for taking away his walker.

### 2. Dr. Kalisher's Refusal to Administer Pain Medications

20 Rojo has failed, however, to state a claim against Dr. Kalisher.  The complaint alleges that
21 Dr. Kalisher refused to administer pain medication to Rojo, because he was concerned that Rojo
22 "could get 'hooked.'"  (Compl. 3).  But Rojo fails to allege any serious medical need for the pain
23 medication, any facts that would indicate that Dr. Kalisher knew of such a need and disregarded it,
24 or any harm that, in fact, resulted from the refusal to administer medication.  At best, the
25 complaint alleges a difference of opinion between Dr. Kalisher and Rojo about whether the benefit
26 of the pain medication outweighed the risk of addiction.  Such a difference of opinion "does not
27 amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. Nev. 2012)
28 (internal quotation marks omitted); *cf. Dill v. Corr. Med. Servs.*, No. 1:10-CV-00350-BLW, 2013

1    WL 1314007, at *5 (D. Idaho Mar. 28, 2013) ("Whether to prescribe narcotic medication to

2    inmates is a decision that is within the discretion of medical professionals, especially regarding

3    whether prescribing the medication would create or sustain a suspected addiction to narcotics.").

4    Therefore, Rojo's claim against Dr. Kalisher for failure to administer pain medications is

5    dismissed.

### 3. Discrimination on the Basis of Disability

Rojo submitted his complaint on this Court's pre-printed form entitled "Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983." (*See* Compl. 1). In addition to his Section 1983 claims, Rojo seems to assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. *Cf. O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (determining that plaintiff had pleaded causes of action under the ADA and the Rehabilitation Act, despite the fact that the complaint was on a pre-printed form used for Section 1983 complaints).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are public entities subject to this provision. *Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010). But a plaintiff may not sue prison officials in their individual capacities for violations of the ADA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Therefore, to the extent Rojo asserts a claim against Defendants as individuals, his claim must fail. Rojo may, however, seek damages (or injunctive relief) from the prison itself or its officials in their official capacity. *See Daniel v. Levin*, 172 Fed. Appx. 147, 149 (9th Cir. 2006).

To state a claim under Title II, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Simmons*, 609 F.3d at 1021 (brackets and internal quotation marks

omitted).  In addition, to recover money damages under Title II, a plaintiff must prove intentional discrimination.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *see also id.* (describing the "deliberate indifference standard" applied to claims of intentional discrimination under Title II).

Rojo's allegations do not satisfy these standards.  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability."  *Simmons*, 609 F.3d at 1022.  The complaint alleges no facts that would indicate that either the confiscation of Rojo's walker or the removal of his cell extension was discriminatory.  That is, Rojo fails to allege that he was excluded from any program or service of the prison by virtue of these acts.  Without such an allegation, his ADA claim—to the extent that one is alleged—fails.

### 4. Qualified Immunity

Defendants' sole argument regarding qualified immunity is that they are entitled to immunity because Rojo fails to state a claim for violation of his constitutional rights.  (*See* Mot. to Dismiss 7).  They do not dispute that the rights at issue were clearly established.  *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Their qualified immunity argument is thus dependent on—and duplicative of—their argument on the merits.  As explained above, Rojo has plausibly stated a claim that Dr. Bright's confiscation of his walker violated the Eighth Amendment.  Therefore, the qualified immunity argument with respect to that claim fails at the pleading stage.  Because Rojo's other allegations do not state a plausible claim, they are dismissed on that basis, and the Court need not address qualified immunity.

### CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is DENIED with respect to Rojo's claim against Dr. Bright for confiscation of his walker.  It is GRANTED with respect to all other claims.

Rojo is granted leave to amend his complaint.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).  If Rojo wishes to do so, he must file an

amended complaint within 30 days of this Order.

**IT IS SO ORDERED.**

Dated: May 2, 2014

_____
VINCE CHHABRIA
United States District Judge