UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ROJO,

    Plaintiff,

    v.

DARRIN BRIGHT, et al.,

    Defendants.

Case No. 12-cv-02518-VC (PR)

**ORDER REVIEWING AMENDED COMPLAINT AND DIRECTING DEFENDANT BRIGHT TO FILE DISPOSITIVE MOTION**

On August 20, 2012, Plaintiff James Ernest Rojo, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, filed a *pro se* complaint against Defendants Dr. Darrin Bright and Dr. Kalisher, physicians at the Correctional Training Facility-Soledad ("CTF-Soledad") where Rojo was incarcerated, as well as Defendant R. Grounds, the warden of CTF-Soledad. (Docket No. 9). The Court served cognizable claims of deliberate indifference to serious medical needs upon Bright and Kalisher and dismissed claims against Grounds for failure to state a claim for relief. (Docket No. 10). On September 11, 2013, Bright and Kalisher filed a motion to dismiss. (Docket No. 34). On May 6, 2014, the Court granted, in part, the motion to dismiss and granted Rojo leave to amend. (Docket No. 39).

In the Order of Dismissal, the Court found that Rojo had alleged sufficient facts to state a plausible claim of deliberate indifference to serious medical needs against Bright, but he had not alleged sufficient facts to state a plausible claim against Kalisher. He was granted leave to amend to remedy the deficiencies noted.

The Court also noted that Rojo appeared to assert a claim under the Americans with Disabilities Act ("ADA") but that he could not sue prison officials in their individual capacities for violations of the ADA and he had not named a proper defendant such as the prison itself or one of

its officials in their official capacity. The Court also noted that Rojo only alleged inadequate treatment for his disability and that to state a cognizable claim under the ADA, his complaint must allege discrimination because of his disability, which would be shown by his exclusion from any of the prison's programs or services due to the confiscation of his walker or the removal of his cell extension. The Court granted Rojo leave to amend to remedy these deficiencies.

On May 27, 2014, Rojo filed a First Amended Complaint ("FAC"), which the Court now reviews under 28 U.S.C. § 1915A(a). A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In his FAC, Rojo does not reassert his claim against Kalisher. Therefore, the Eighth Amendment claim against Kalisher is dismissed with prejudice.

Rojo adds allegations to his ADA claim. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 16 U.S.C. § 12132. State prisons are public entities subject to this provision. *Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010). To state a claim under Title II, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Id.* In addition, to recover money damages under Title II, a plaintiff must show intentional discrimination. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (describing deliberate indifference standard for showing intentional discrimination under Title II).

The FAC contains the following additional allegations. CTF-Soledad had granted Rojo an

ADA accommodation for an extension to his cell because, due to his pain, he could not stretch to put items away in storage. However, a year after CTF-Soledad granted the accommodation, the prison withdrew it. Because CTF-Soledad withdrew the accommodation, Rojo cannot store medical items within easy reach in his cell. His medical items, such as his c-pap,[1] have to be placed under his bed in plastic bags which tear, allowing dust and dirt to get into them. Furthermore, per ADA doctors' instructions, Rojo is not allowed to bend, squat, crawl or lift anything over twenty pounds. The FAC's allegations imply that Rojo's pain level increases because he must bend, squat or crawl under his bed to get his medical items. Rojo names CTF-Soledad as a defendant. Rojo requests monetary damages.

In its Order of Dismissal, the Court found that the complaint alleged no facts that would indicate that either the confiscation of Rojo's walker or the removal of his cell extension was discriminatory. Order at 6. That is, Rojo failed to allege that he was excluded from any program or service of the prison by virtue of these acts. *Id.*

Even liberally construed, the FAC does not allege that Rojo was excluded from any program or service at CTF-Soledad because of the exclusion of the walker or the removal of his cell extension nor does it allege intentional discrimination, which is required for the recovery of monetary damages. Furthermore, a remedy of an appropriate accommodation would serve no purpose because Rojo is no longer housed at CTF-Soledad. Therefore, the ADA claim is dismissed without leave to amend.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Rojo's Eighth Amendment claim against Kalisher and ADA claim against CTF-Soledad are dismissed without leave to amend.

2. Because Bright's motion to dismiss the Eighth Amendment deliberate indifference claim

---

[1] CPAP, or continuous positive airway pressure, is a treatment that uses mild air pressure to keep the airways open. It is typically used by people who have breathing problems. CPAP treatment involves a CPAP machine. www.nhibi.nih.gov/health/health-topics/topics/cpap (last visited Jul. 10, 2014).

3

was denied, he is now required to file a motion for summary judgment.

      a. Bright shall file his motion for summary judgment within twenty-eight days from the date of this Order. If Bright is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Rojo.

      b. At the time of filing the motion for summary judgment, Bright shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Rojo with notice of what is required of him to oppose a summary judgment motion.

      c. Rojo's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Bright no later than twenty-eight days after the date on which Bright's motion is filed.

Before filing his opposition, Rojo is advised to read the notice that will be provided to him by Bright when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Rojo is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Bright's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Rojo will not be able to avoid summary judgment simply by repeating the allegations of his FAC.

      d. Bright shall file a reply brief no later than fourteen days after the date Rojo's opposition is filed.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Bright to depose Rojo and any other necessary witnesses confined in prison.

4. All communications by Rojo with the Court must be served on Bright, or Bright's

4

counsel, by mailing a true copy of the document to Bright or counsel.

5. It is Rojo's responsibility to prosecute this case. Rojo must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
VINCE CHHABRIA
United States District Judge