UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ROJO,

    Plaintiff,

v.

DARREN BRIGHT, et al.,

    Defendants.

Case No. 12-cv-02518-VC

**ORDER *SUA SPONTE* RECONSIDERING PREVIOUS ORDER; CHANGING BRIEFING SCHEDULE FOR DEFENDANT BRIGHT'S DISPOSITIVE MOTION**

Doc. no. 50

    Plaintiff James E. Rojo, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, filed a *pro se* complaint against individual Defendants at the Correctional Training Facility-Soledad ("CTF-Soledad") where Rojo was previously incarcerated. The Court found that Rojo had stated against Dr. Darren Bright a cognizable Eighth Amendment claim based on deliberate indifference to Rojo's serious medical needs. Bright's summary judgment motion was to be filed by October 9, 2014, but that deadline is extended by this order.

    In an amended complaint, Rojo brought a claim under the Americans with Disabilities Act ("ADA") against CTF-Soledad alleging the following: CTF-Soledad had granted him an ADA accommodation for an extension to his cell because, without it, his pain would not allow him to stretch the necessary distance to place his medical items in storage. A year later, the prison withdrew the accommodation. Without the accommodation, Rojo could not store his medical items, such as his c-pap, within easy reach. The lack of the cell extension also required Rojo to place his medical items under his bed in plastic bags which would tear, allowing dust and dirt to get into them. Furthermore, storing the items under his bed required Rojo to bend or crawl, in contravention of doctor's orders not to bend, squat, or crawl.

In its July 28, 2014 Order Reviewing Rojo's amended complaint, the Court found the ADA claim was not cognizable on the ground that, "[e]ven liberally construed, the FAC does not allege that Rojo was excluded from any program or service at CTF-Soledad because of the . . . removal of his cell extension nor does it allege intentional discrimination."

The Court now reconsiders this ruling based on *United States v. Georgia*, 546 U.S. 151 (2006) and *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).  In *U.S. v. Georgia*, the Supreme Court noted that "it is quite plausible that the alleged deliberate refusal of prison officials to accommodate Goodman's disability-related needs in such fundamentals as mobility, hygiene, and medical care" constitute exclusion from participating in the prison's services, programs or activities.  *U.S. v.Georgia*, 546 U.S. at 157.  Therefore, CTF-Soledad's removal of the cell extension, which prevented Rojo from reaching his medical items, could be construed as excluding Rojo from participating in the prison's medical care service or program.

In *Duvall*, the court held that intentional discrimination, in the context of Title II of the ADA, does not involve discriminatory animus or the specific intent to violate someone's rights; rather, it involves the deliberate indifference to a disabled person's need for an accommodation. *Duvall*, 260 F.3d at 1139.  In other words, to establish intentional discrimination under the ADA, a plaintiff must allege that the public entity had knowledge that an ADA violation was likely to occur and, at a minimum, did nothing to prevent it.  *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

Under *Duvall* and *Lovell*, the allegations in Rojo's amended complaint, liberally construed, appear to state a claim for deliberate indifference under the ADA.  Although Rojo's claim for injunctive relief is moot because he is no longer incarcerated at FTC-Soledad, his claim for damages based on intentional discrimination is cognizable.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. On its own motion, the Court reconsiders its July 28, 2014 Order.  The Court finds that the allegations in Rojo's amended complaint, liberally construed, appear to state an ADA claim for damages against FTC-Soledad; the claim shall be served on FTC-Soledad Warden Marion

2

1  Spearman, in his official capacity.

2      2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
3  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the FAC
4  (docket no. 42) and all attachments thereto and a copy of this order and the Court's previous orders
5  to Defendant Spearman at FTC-Soledad. The Clerk shall also mail a courtesy copy of the FAC
6  with all attachments and a copy of this order and the Court's previous orders to the State Attorney
7  General's Office in San Francisco, and a copy of this Order to Rojo.

8      3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him
9  to cooperate in saving unnecessary costs of service of the summons and FAC. Pursuant to Rule 4,
10 if Defendant, after being notified of this action and asked by the Court, on behalf of Rojo, to waive
11 service of the summons, fails to do so, he will be required to bear the cost of such service unless
12 good cause be shown for his failure to sign and return the waiver forms. If service is waived, this
13 action will proceed as if Defendant had been served on the date that the waiver is filed, except that
14 pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer or
15 other responsive pleading before sixty days from the date on which the request for waiver was
16 sent. (This allows a longer time to respond than would be required if formal service of summons
17 is necessary.)

18 Defendant is advised to read the statement set forth at the foot of the waiver form that more
19 completely describes the duties of the parties with regard to waiver of service of the summons. If
20 service is waived after the date provided in the Notice but before Defendant has been personally
21 served, the answer shall be due sixty days from the date on which the request for waiver was sent
22 or twenty days from the date the waiver form is filed, whichever is later.

23     4. The following briefing schedule shall govern dispositive motions in this action:

24         a. No later than thirty days from the date the answer is due, Defendants shall file a
25 motion for summary judgment or other dispositive motion. If Defendants files a motion for
26 summary judgment, it shall be supported by adequate factual documentation and shall conform in
27 all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case
28 cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

1  summary judgment motion is due.  All papers filed with the Court shall be promptly served on
2  Rojo.
3        At the time of filing the motion for summary judgment or other dispositive motion,
4  Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th
5  Cir. 2012), and provide Rojo with notice of what is required of him to oppose a summary
6  judgment motion.
7          b. Rojo's opposition to the motion for summary judgment or other dispositive
8  motion shall be filed with the Court and served on Defendants no later than twenty-eight days
9  after the date on which Defendants' motion is filed.
10       Before filing his opposition, Rojo is advised to read the notice that will be provided to him
11 by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and
12 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
13 forward with evidence showing triable issues of material fact on every essential element of his
14 claim).  Rojo is cautioned that because he bears the burden of proving his allegations in this case,
15 he must be prepared to produce evidence in support of those allegations when he files his
16 opposition to Defendants' summary judgment motion.  Such evidence may include sworn
17 declarations from himself and other witnesses, and copies of documents authenticated by sworn
18 declaration.  Rojo will not be able to avoid summary judgment simply by repeating the allegations
19 of his FAC.
20         c. Defendants shall file a reply brief no later than fourteen days after the date
21 Rojo's opposition is filed.
22         d. The motion shall be deemed submitted as of the date the reply brief is due.  No
23 hearing will be held on the motion unless the Court so orders at a later date.
24       5. Discovery may be taken in this action in accordance with the Federal Rules of Civil
25 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to
26 depose Rojo and any other necessary witnesses confined in prison.
27       6. All communications by Rojo with the Court must be served on Defendants, or
28 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

Defendants or counsel.

7. It is Rojo's responsibility to prosecute this case. Rojo must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

9. The time is extended for Defendant Bright to file his dispositive motion. Bright's motion, which is due to be filed by October 9, 2014, is now due the same day Spearman's motion is filed. If possible, Bright and Spearman are to file one dispositive motion. Bright's motion for an extension of time to file his dispositive motion is denied as moot. This order terminates docket number 50.

**IT IS SO ORDERED.**

Dated: October 8, 2014

_____
VINCE CHHABRIA
United States District Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROJO,<br><br>    Plaintiff,<br><br>v.<br><br>DARREN BRIGHT, et al.,<br><br>    Defendants. | Case No.  12-cv-02518-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/8/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Rojo ID: J-53355
480 Alta Road, D20-134
San Diego, CA 92179


Dated: 10/8/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA